UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS MUÑOZ,

                      Plaintiff,        **ACTION UNDER 29 U.S.C.§ 216(b)**

  -v.-                                     **COMPLAINT**

4602 4626 GREENPOINT AVENUE LLC
(DBA LOS VERDES NEW YORK) and
JAVIER QUESADA,
individually,

                      Defendants
-----------------------------------------------------------X

Plaintiff LUIS MUÑOZ, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA, individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

1. This Complaint seeks to recover, inter alia, unpaid minimum wage and overtime wage compensation for Plaintiff, a former employee of Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK), a New York Corporation with offices at 46-26 Greenpoint Ave, Queens, NY 11104 and its principal, Defendant JAVIER QUESADA, where Plaintiff was employed primarily as a cook and

delivery.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour (the "minimum wage"); however, Plaintiff was only compensated at a rate of $10.00 per hour for 40 hours workweek.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only compensated Plaintiff at a rate of $10 per hr. plus $300 tips per week and failed to pay Plaintiff his lawful overtime pay for that period from April 2020 until July 22, 2023, when he worked well in excess of forty (40) hours per workweek.

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and a t all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum and overtime compensation required by federal and state law and regulations.

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, and unpaid overtime wages pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs,

pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

14. Plaintiff LUIS MUÑOZ ("MUÑOZ") is and was at all times relevant hereto an individual residing in the State of New York.

15. Plaintiff MUÑOZ was employed by 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) at its offices at 46-26 Greenpoint Ave, Queens, NY 11104 from approximately April 2020 until July 22, 2023, where his primary work duty was as a cook and a delivery.

16. At all times relevant hereto, Plaintiff MUÑOZ was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

18. Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 46-26 Greenpoint Ave, Queens, NY 11104.

19. Upon information and belief, Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2023, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendant JAVIER QUESADA is the President, Chief Executive Officer, manager, principal, or agent of Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK).

21. Upon information and belief, and at all times relevant to the claims herein, Defendant JAVIER QUESADA possessed operational control over Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) by reason of his ownership interest, and control of significant functions of Defendant Corporation; that Defendant JAVIER QUESADA: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK); (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees work schedules and workload; (iv) maintained employee records; (v) paid

Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

22. Defendant JAVIER QUESADA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

23. Defendants owned and operated 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK), a corporate entity principally engaged in Queens, New York. At all relevant times, Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff LUIS MUÑOZ and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

   b. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   c. failing to provide statutorily required wage and hour records or statements of pay received, in part to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

25. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants'

unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to Plaintiff LUIS MUÑOZ and the other class members.

26. Defendant 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK), under the direct supervision and authority of Defendant JAVIER QUESADA, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

27. At relevant times, Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28. Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. At all times relevant hereto, Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation

in exchange for Plaintiffs' services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff LUIS MUÑOZ**

31. Plaintiff worked from approximately April 2020 until July 22, 2023, Plaintiff LUIS MUÑOZ was employed without interruption by Defendants at their 46-26 Greenpoint Ave, Queens, NY 11104 facility, where Plaintiff MUÑOZ's work duties included doing various things in the kitchen and doing delivery.

32. Plaintiff MUÑOZ 's work schedule was from 3:00 P.M. until 12:00 P.M., Monday, Tuesday, and Wednesday. Thereafter, from 3:00 P.M. until 1:00 A.M. on Fridays. From 1:00 P.M. until 1:00 A.M. on Saturdays. On Sundays, his schedule was from 12:00 P.M. until 12:00 A.M., for approximately sixty (60) hours per week.

33. Plaintiff MUÑOZ was paid at a rate of $10 per hour and $300 in tips per week in cash. His approximate pay was $267 in check per week and $290 per week paid in cash. In total, Plaintiff received $857 per week, when his legal wages should have been $1050 per week. He was underpaid by $193 every week.

34. Plaintiff MUÑOZ did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff MUÑOZ did not come and go at his pleasure but rather was controlled by Defendants.

35. Plaintiff MUÑOZ was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff MUÑOZ's work is properly characterized as menial physical labor.

36. Plaintiff MUÑOZ regularly handled goods in interstate commerce and other

items produced outside of the State of New York.

37. Plaintiff worked without appropriate minimum and overtime wages from the beginning until the end of his employment with Defendants.

38. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff MUÑOZ regarding wages as required under the FLSA and NYLL.

39. Defendants did not provide Plaintiff MUÑOZ with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

40. Defendants never provided Plaintiff MUÑOZ with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

## **Defendants' General Employment Practices**

41. As part of their regular business practices, Defendants required Plaintiff LUIS MUÑOZ to work without paying Plaintiff the proper minimum and overtime wages as required by federal and state laws.

42. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

43. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff LUIS MUÑOZ with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) minimum wages, and (iii) overtime wages.

45. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

46. Throughout the relevant time period, Defendants paid Plaintiff LUIS MUÑOZ wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

47. Defendants failed to provide Plaintiff LUIS MUÑOZ with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wage)**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such, constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

51. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

52. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

53. Defendants acted willfully in their violations of the FLSA's requirements.

54. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
**(Unpaid Minimum and Overtime Wages Under New York Labor Law)**

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants' failure to pay Plaintiff minimum and overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

58. Due to Defendants' willful violations of the NYLL, Plaintiff LUIS MUÑOZ is entitled to recover from Defendants his unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

61. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

64. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LUIS MUÑOZ, respectfully requests that this Court enter judgment against Defendants 4602 4626 GREENPOINT AVENUE LLC (DBA LOS VERDES NEW YORK) and JAVIER QUESADA, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

c. Declaring that Defendants have violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j. All such other and further relief as the Court deems just and proper.

k. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

l. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

m. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

n. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

o. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      July 26, 2023

                                    LINA STILLMAN, ESQ.

                                ___/s/ Lina Stillman_____
                                Lina Stillman, Esq.
                              Attorneys for Plaintiff
                              Stillman Legal, P.C.
                              42 Broadway, 12t Floor
                              New York, New York 10004
                              Tel (212) 203-2417
                              www.StillmanLegalPC.com